# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **TIMOTHY ROBINSON,** ) | |
| ) | |
| **Plaintiff,** ) | **CIVIL ACTION NO.:** |
| ) | 25-cv-38 |
| **v.** ) | |
| ) | |
| **CANFOR SOUTHERN PINE, INC., and** ) | |
| **GERALD PORTIS,** ) | **JURY DEMAND** |
| ) | |
| **Defendants,** ) | |

## COMPLAINT

**I.   INTRODUCTION**

1. This is an action for legal and equitable relief to redress unlawful racial discrimination against the plaintiff. The suit is brought to secure the protection of and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (hereinafter "Title VII"); and 42 U.S.C. §1981. The Plaintiff also sets forth claims under the laws of the State of Alabama. The Plaintiff seeks compensatory and punitive damages, and requests a jury trial pursuant to 42 U.S.C. § 1981a.

**II.   JURISDICTION AND VENUE**

2. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and 1343(a)(4), and 42 U.S.C. § 2000e-5. Supplemental jurisdiction is invoked pursuant to 28 U.S.C. §1367.

1

3. A substantial part of the unlawful employment practices challenged in this action occurred in Mobile County, Alabama. Venue is proper pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5.

4. The Plaintiff requests a jury trial on all issues pursuant to 42 U.S.C § 1981a.

### III. ADMINISTRATIVE PREREQUISITES

5. The plaintiff has met all administrative conditions precedent for the filing of this case under Title VII. The Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("E.E.O.C.") on November 28, 2023, asserting claims of race discrimination against the Defendant. On November 1, 2024, the E.E.O.C. issued a Notice of Right to Sue and Plaintiff is timely filing this suit within ninety (90) days of his receipt of same.

### IV. PARTIES

6. Plaintiff, Timothy Robinson (hereinafter "Robinson" or "Plaintiff"), is a Caucasian male citizen of the United States, and a resident of Mobile County of the State of Alabama. Plaintiff was formerly employed by Defendant, Canfor Southern Pine, Inc.

7. Defendant, Canfor Southern Pine, Inc. (hereinafter "Canfor" or "Defendant"), is a South Carolina corporation doing business in and with a principal address located in Mobile County, Alabama, and during the time period pertinent to this lawsuit, was the Plaintiff's employer within the meaning of Title VII. At all times relevant to this action Canfor has employed at least fifteen (15) or more employees.

8. The Defendant, Gerald Portis (hereinafter "Portis" or "Defendant"), at all times material to this action was employed by Canfor Southern Pines, Inc., out of their Mobile, Alabama, location. Portis is an African-American male citizen of the United States, and upon information and belief is presently a resident of the State of Alabama.

## V.     FACTS AND CLAIMS

9. Plaintiff Robinson is a white male.

10. Plaintiff began working as a Millwright for Canfor Southern Pine, Inc., on or about June 26, 2023.

11. On Friday, June 30, 2023, Plaintiff was working the night shift. At around 11:45 p.m. he was changing out a gear box when a co-worker Millwright, Gerald Portis (African-American male) became irate and physically threatening to Plaintiff for no apparent reason.

12. Portis started yelling at Plaintiff about tying a chain on a sprocket and then Portis got in the Plaintiff's face, continuing to yell at him, spit at the Plaintiff, and then hit the Plaintiff on his head so hard that it knocked off the Plaintiff's hard hat and almost knocked the Plaintiff off of the I-Beam platform on which he was standing.

13. Plaintiff was stunned by the physical assault and climbed off the platform.

14. Plaintiff then went to the supervisor on duty, Lead Millwright Mike Crawford, and told him what had happened. Plaintiff told Crawford that he thought it best that he [plaintiff] leave for the night to avoid any further escalation from Gerald Portis. Crawford said, "okay," and Plaintiff gave Mike his lock out/tag out keys for use on the shift and went home.

15. Two of Plaintiff's co-workers on the shift witnessed the assault and also told Mike Crawford they had witnessed Gerald Portis yelling at Plaintiff, spitting at Plaintiff, and hitting Plaintiff in the head.

16. On July 2, 2023, Plaintiff was informed that his employment was terminated. No reason was given.

17. Gerald Portis, however, remained employed despite the fact that he had physically assaulted Plaintiff on the job.

18. To Plaintiff's knowledge, no disciplinary action was taken against Gerald Portis (African-American) for his behavior and assault against Plaintiff.

19. The Plaintiff was discriminated against on the basis of his race, Caucasian, by being terminated while the African-American employee who instigated the physical assault of Plaintiff was not disciplined or terminated.

20. This conduct was intentional, willful, malicious, and in reckless indifference to the Plaintiff's federally protected rights.

21. As the result of the Defendant's conduct the Plaintiff was deprived of income and other employment benefits due him. He also suffered embarrassment, humiliation, inconvenience, and mental distress.

22. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, backpay, front pay, an injunction, and compensatory and punitive damages is his only means of securing adequate relief.

23. Plaintiff is suffering and will continue to suffer irreparable injury from the Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

<u>**COUNT I**</u>
**CLAIM OF RACE DISCRIMINATION IN VIOLATION OF TITLE VII AGAINST DEFENDANT CANFOR**

24. The Plaintiff realleges and incorporates by reference paragraphs 9-23 above with the same force and effect as if fully set out in specific detail herein below.

25. As already set forth in detail above, the Defendant unlawfully terminated the Plaintiff's employment, at least in part because of the plaintiff's race, Caucasian, while the African-American employee who instigated the physical assault of Plaintiff was not disciplined or terminated.

26. The Defendant, as the employer of Plaintiff, failed to adequately promulgate, disseminate, and enforce a racial discrimination policy with regard to Plaintiff, and other employees.

27. The Defendant, as the employer of plaintiff, failed to take any prompt and effective remedial action reasonably calculated to result in the prevention and/or remedy of the racial discrimination of Plaintiff.

28. The Defendant thus has violated the proscriptions against racial discrimination found in Title VII.

29. The unlawful conduct of the Defendant as described above was done with malice and/or reckless disregard of and/or deliberate indifference to the Plaintiff's federally protected rights.

30. The Defendant's conduct as described above caused the Plaintiff emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

31. The Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, injunctive relief, and compensatory damages and a declaratory judgment is his only means of securing adequate relief.

32. The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## COUNT II
### CLAIM OF RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. §1981 AGAINST DEFENDANT CANFOR

33. The Plaintiff realleges and incorporates by reference paragraphs 9-23 above with the same force and effect as if fully set out in specific detail herein below.

34. As already set forth in detail above, the Defendant unlawfully terminated the Plaintiff's employment because of the Plaintiff's race, Caucasian, while the African-American employee who instigated the physical assault of Plaintiff was not disciplined or terminated.

35. The Defendant, as the employer of Plaintiff, failed to adequately promulgate, disseminate, and enforce a racial discrimination policy with regard to Plaintiff, and other employees, and as such, said actions constituted the custom or policy of the Defendant.

36. The Defendant, as the employer of plaintiff, failed to take any prompt and effective remedial action reasonably calculated to result in the prevention and/or remedy of the racial discrimination of Plaintiff, and as such, said actions constituted the custom or policy of the Defendant

37. The Defendant's actions against Plaintiff resulted from its policy or custom of discrimination against Caucasian employees.

38. The Defendant thus has violated the proscriptions against race discrimination under 42 U.S.C. § 1981, depriving Plaintiff of his federally protected rights.

39. Plaintiff suffered damages as a proximate result of these violations, which were caused by policy or custom and/or a failure to adequately train caused by deliberate indifference to the Plaintiff's rights and/or by deliberate indifference to those violations.

40. The unlawful conduct of the Defendant as described above was done with malice and/or reckless disregard of and/or deliberate indifference to the Plaintiff's federally protected rights.

41. The Defendant's conduct as described above caused the Plaintiff emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

42. The Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs

alleged herein and this suit for back pay, injunctive relief, compensatory damages and a declaratory judgment is his only means of securing adequate relief.

43. The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## COUNT III
## ASSAULT AND BATTERY
## AGAINST DEFENDANTS GERALD PORTIS AND CANFOR

44. Plaintiff re-alleges and incorporates by reference Fact paragraphs 9 through 23 above with the same force and effect as if fully set out in specific detail hereinbelow.

45. This is a claim arising under the laws of the State of Alabama to redress Defendant Gerald Portis's assault and battery against the Plaintiff and the ratification of that conduct by Defendant Canfor.

46. Gerald Portis, an agent of the Defendant, while performing within the scope and duties of his employment intentionally subjected the Plaintiff to acts of harmful, rude, and unwanted touching as set out in detail above.

47. Such conduct proximately caused the Plaintiff to suffer great emotional distress for which he claims compensatory and punitive damages from the Defendant.

48. The Defendant, condoned, authorized, and/or ratified Gerald Portis's unlawful conduct and is thus directly liable for the acts of its agent.

## COUNT IV
## NEGLIGENT AND/OR WANTON HIRING, SUPERVISION,
## TRAINING, AND RETNTION AGAINST DEFENDANT CANFOR

49. Plaintiff re-alleges and incorporates by reference Fact paragraphs 9 through 23 above with the same force and effect as if fully set out in specific detail hereinbelow.

50. This is a claim arising under the laws of the State of Alabama to redress the negligent and/or wanton hiring, supervision, training, and retention of Gerald Portis which proximately caused the assault and battery of the Plaintiff, as set out in detail herein.

51. These unlawful acts to which the Plaintiff was subjected caused him to suffer great emotional distress for which he claims compensatory and punitive damages from the Defendant.

## VI. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant are violative of the rights of the Plaintiff, as secured by Title VII, 42 U.S.C. § 1981, and Alabama State Laws.

2. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate Title VII, 42 U.S.C. § 1981, and Alabama State Laws.

3. Grant the Plaintiff an order requiring the Defendants to make him whole by awarding him reinstatement into the position he would have occupied in the absence of racial discrimination by the Defendant with the same seniority, leave and other benefits of the position (or front pay), back pay (with interest), and by awarding Plaintiff compensatory, punitive, and/or nominal damages.

4. The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

                    Respectfully submitted,

                    *s/ Temple D. Trueblood*
                    Temple D. Trueblood (TRUE0355)
                    Counsel for Plaintiff

OF COUNSEL:
WIGGINS, CHILDS, PANTAZIS, FISHER & GOLDFARB, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500
ttrueblood@wigginschilds.com


**THE PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE TO A JURY.**

                    *s/ Temple D. Trueblood*
                    OF COUNSEL


**Plaintiff requests this Honorable Court to serve via certified mail upon each of the named Defendants the following: Summons, Complaint.**

Defendants' Addresses:
Canfor Southern Pine, Inc.
c/o Registered Agent
C T Corporation System
2 North Jackson Street Suite 605
Montgomery, AL 36104

Gerald Portis
8620 Sable Court
Semmes, AL 36575

                    *s/ Temple D. Trueblood*
                    OF COUNSEL